IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

WARREN KIRKLAND,
a/k/a WARREN: KIRKLAND
FOR WARREN KIRKLAND
ESTATE TRUST,
    Plaintiff,

v.                                                Civil No. 3:23cv90 (DJN)

CLARISSA SCOTT,
    Defendant.

## FINAL ORDER
### (Dismissing Case)

This matter comes before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis,* (Motion (ECF No. 2)), and Proposed Amended Complaint, (ECF No. 4). On February 3, 2023, Plaintiff filed his original Motion and Proposed Complaint. (ECF Nos. 1, 2.) Upon review, the Court found Plaintiff qualified to proceed *in forma pauperis* and provisionally granted his Motion. (ECF No. 2.) Because Plaintiff failed to submit a Ghostwriting Form in accordance with Local Rule 83.1(M), the Court ordered Plaintiff to file such form by March 2, 2023. (ECF No. 3.) The Court explicitly advised Plaintiff that, "[b]ecause he is proceeding *pro se*, Plaintiff must continue to include the Ghostwriting Form with every *pro se* submission." (*Id.* at 1.)

Additionally, the Court reviewed Plaintiff's Proposed Complaint and found that it failed to establish this Court's subject matter jurisdiction[1] or satisfy Federal Rule of Civil Procedure 8.

---

[1] As the Court previously explained, Plaintiff, a Virginia citizen, originally sued his former paramour, also a Virginia citizen, for the return of his car. (ECF No. 1, at 4.) Accordingly, the Court found that it had neither "diversity" nor "federal question" jurisdiction over the case. *See*

Accordingly, the Court directed Plaintiff to file a particularized amended complaint, setting forth in simple and straightforward terms why Plaintiff believes that he is entitled to relief and why the Court has jurisdiction over this case, pursuant to Federal Rule of Civil Procedure 8(a)(1) and (2). The Court warned Plaintiff that if he failed to "satisfy these requirements, the provisional grant of relief to proceed *in forma pauperis* w[ould] be withdrawn" and the Court would dismiss his action for failure to prosecute under Federal Rule of Civil Procedure 41(b). (*Id.* at 3–4.)

On February 16, 2023, Plaintiff filed a Proposed Amended Complaint. (ECF No. 4.) In the new Complaint, Plaintiff names Fairfield Weston Circle LLC by FRH GP LLC *doing business as* Weston Circle Apartments as Defendant. (*Id.* at 1.) Plaintiff failed to submit a Ghostwriting Form as previously directed. Further, Plaintiff's Proposed Amended Complaint provides no basis for this Court's subject matter jurisdiction and, indeed, is totally devoid of any legal claims whatsoever. Instead, Plaintiff provides thirty-nine paragraphs worth of grievances about an unfixed leak in his apartment and resulting damage—including mold and pest infestation. Plaintiff cites no law and requests no relief.

Accordingly, and because Plaintiff has failed to comply with this Court's order, the Local Civil Rules or the Federal Rules of Civil Procedure, the Court hereby REVOKES Plaintiff's provision grant of *in forma pauperis* status and DISMISSES his case pursuant to Fed. R. Civ. P.

---

28 U.S.C. §§ 1331, 1332 (providing that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" and "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" diverse citizens); *see id.* § 1332(b) ("[T]he district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.").

41(b).

Let the Clerk file a copy of this Order electronically and send a copy to Plaintiff at his address of record.

This case is CLOSED

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: February 17, 2023